UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE:<br><br>JOHN D. MCLAUGHLIN,<br>SHARON K. MCLAUGHLIN,<br><br>Debtors. | CHAPTER 7<br><br>CASE NO. 05-63927<br><br>JUDGE RUSS KENDIG<br><br>**MEMORANDUM OPINION** |

This matter comes before the court upon the request for hearing by chapter 7 trustee Anthony J. DeGirolamo (hereinafter "Trustee") on the court's March 15, 2007 opinion (hereafter "March Opinion") regarding the Final Report and Application for Compensation.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B). Venue in this district and division is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

John D. McLaughlin and Sharon K. McLaughlin (hereafter "Debtors") filed a chapter 7 petition on July 9, 2005. After a meeting of creditors on August 18, 2005, Trustee determined that there were assets in the estate available for distribution to creditors from a life insurance distribution. Sharon McLaughlin was the beneficiary on her ex-husband's policy. On October 31, 2005, Trustee filed a request for notice to creditors to file claims due to the recovery of assets. This notice to creditors was issued by the court. The notice stated assets had been recovered and further instructed creditors to file a proof of claim by February 1, 2006 if they desired to share in the distribution of funds. Two claims were filed by the claims bar date of February 1, 2006. The Internal Revenue Service filed a claim for $750.50 on December 9, 2005 and Citibank filed a claim of $553.96 on January 2, 2006.

Nine claims were not filed by creditors. Rather, Trustee filed the claims in the name of various creditors on March 1, 2006. Trustee filed claims on behalf of all unsecured creditors

1

except for creditor Citibank U.S.A. (scheduled as "Sears" credit card), who filed their own claim. Because eCast Settlement Corporation filed their claims *after* Trustee had filed claims on their behalf, Trustee deemed them duplicate claims in his final report. Each claim filed by Trustee consists of a one page document without any supporting documentation. The section entitled "Basis for Claim" is blank in each Trustee-filed claim, as is the section entitled "Date debt was incurred." The total amount of each claim matches the amount listed on Debtors' schedules.[1] Trustee proposes to distribute 100% to the unsecured creditors and return the surplus to Debtors. The court issued an opinion on March 15, 2007, indicating that it was inclined to disallow Trustee-filed claims in this case for a myriad of reasons. However, the court gave Trustee an opportunity to request a hearing and/or file further supporting documentation of the proofs of claims by April 12, 2007. On March 27, 2007, Trustee requested a hearing on the March Opinion. Trustee offered several reasons as to why the court should allow the claims at the hearing on April 24, 2007, but did not provide any further documentation or proof supporting the claims.

## DISCUSSION

The court hereby incorporates the reasoning from the discussion section of the March Opinion into this document. Trustee first argues that the cases set forth in the March Opinion are all cases in which the trustee filed claims beyond the thirty day period prescribed in Federal Rule of Bankruptcy Procedure 3004. This statement is not entirely correct. At least one of the cases in the March Opinion, In re Thomas, deals with claims filed by the chapter 7 trustee within the thirty day period fixed in Rule 3004. 2005 Bankr. LEXIS 2033 (Bankr. E.D. Va. 2005) (unpublished) (containing trustee-filed claims filed fourteen days after the expiration of the time of filing claims by creditors). In the remainder of the cases utilized in the March Opinion, the claims filed by the trustees were beyond the time limit in Rule 3004. However, the discussions regarding trustee-filed claims do not depend upon the claims being tardily filed and are more general in nature. See e.g., Drew v. Royal (In re Drew), 256 B.R. 799, 805-6 (B.A.P. 9th Cir. 2001) (discussing whether the wholesale filing of claims by trustee is consistent with Bankruptcy Rules and Code); In re Nettles, 251 B.R. 899, 901-2 (Bankr. M.D. Fla. 2000) (discussing the purpose of trustee-filed claims in general, even though the primary issue was whether the thirty-day limit contained in Fed. R. of Bankr. P. 3004 established an outer limit for trustee-filed claims). In fact, the court in the case relied upon by Trustee, In re Schmidt, recognizes that the previous cases dealing with trustee-filed claims go further than simply deciding whether the time limit included in Fed. R. of Bankr. P. 3004 can be extended, stating that though the "primary issue" was the timing of the claims in the Nettles case, the Nettles court "went further" and discussed the purpose behind trustee-filed claims. 333 B.R. 868, 869 (Bankr. N.D. Fla. 2005).

---

[1] Trustee filed the following claims, with each amount matching the totals listed on Schedule F of Debtors' petition: BP Amoco - $845.00; Capital One - $8,476.00; Direct Merchants Bank - $3,200.00; Household Bank - $440.00; Merrick Bank - $850.00; Orchard Bank - $1,462.00; Providian - $8,688.00; and Radiology Associates - $24.98.

2

Trustee next argues that creditors and/or debtors can contest the trustee-filed claims if the information provided by Trustee is incorrect. While this is procedurally correct, it does not absolve Trustee from reasonably investigating each claim he files so that Trustee possess actual knowledge of the validity and accuracy of each claim. In re Thomas, 2005 Bankr. LEXIS at *14; In re Drew, 256 B.R. at 805. The bankruptcy trustee has a fiduciary duty to the bankruptcy estate and this duty is breached when a trustee files claims without any personal knowledge or investigation. See In re Thomas, 2005 Bankr. LEXIS at *14-15.

The problem with such lack of investigation is shown in the claims register of the instant case. Claim Number 6 was filed by Trustee under the name of "Household Bank" in the amount of $440.00. Subsequently, after the bar date, "eCast Settlement Corporation assignee of HSBC Bank Nevada" filed a claim for $478.51. Trustee disallowed the claim as a duplicate of Claim Number 6. This demonstrates that Trustee did not have the correct amount of the claim. Further, the address included in Trustee's proof of claim is not in the same state as that included in Claim Number 11. A similar situation occurred with Claims 8 and 12. This type of debt movement is exactly the situation the court contemplated in the March Opinion when discussing the danger of trustee-filed claims due to the frequency with which debt is transferred.

According to Trustee, the use of the word "may" in Federal Rule of Bankruptcy Procedure 3004 allows him to file claims at will. Though the word "may" does suggest the ability of a trustee to utilize discretion, this discretion is not without limits. In re Thomas, 2005 Bankr. LEXIS at *13; See Yamaoka v. Copper (In re Copper), 314 B.R. 628 (B.A.P. 6th Cir. 2004). As indicated in Thomas, there must be a valid reason, "consistent with the trustee's fiduciary duties" for the filing of each claim. 2005 Bankr. LEXIS at *13. Given that each trustee has the duty, pursuant to 11 U.S.C. 704(5), to object to claims that are not proper, filing a claim about which a trustee has no specific knowledge does not conform to his or her fiduciary duties. Id.

Trustee posits that the legislative history of Federal Rule of Bankruptcy Procedure 3004 states that trustee-filed claims do not have to be predicated on a threat of nondischargeability. It is correct that the legislative history of Rule 3004 states that trustee-filed claims do not have to be predicated on nondischargeability. However, this same legislative history details the genesis of the rule and explains that the primary reason for the enactment of the rule was to ensure that it was possible to determine whether tax claims survived discharge. Fed. R. of Bankr. P. 3004 advisory committee's notes of 1978. Additionally, the legislative history of the tandem code section to this rule, 11 U.S.C. § 501(c), states that the rationale underlying allowing trustees to file claims is "mainly to protect the debtor if the creditor's claim is nondischargeable." H.R. Rep. No. 95-595, at 352 (1977); S. Rep. No. 95-989, at 61 (1978). In short, there must be some reason, other than to increase the trustee's fees, for the trustee to engage in wholesale filing of claims from the schedules. See In re Thomas, 2005 Bankr. LEXIS at *13. Trustee does not have unlimited discretion to file claims on the creditors' behalf in each and every chapter 7 case.

As noted in the Thomas case, the structure of the Bankruptcy Code does not support Trustee's argument that he is entitled to routinely file claims on creditors' behalf. Id. In chapter

3

9 and 11 cases, "Congress specifically mandated that scheduled claims that were not listed as disputed, contingent or unliquidated were 'deemed filed.'" Id. Since no analogous rule is applicable in chapter 7, 12, or 13 cases, it can be inferred that creditors in cases under these chapters are required to file proofs of claim to be eligible for payment. Id. at *13-14. The court agrees with the court in Thomas which declines to "import the chapter 9 and 11 scheme into chapter 7 when Congress (presumably for good reasons of its own) has not seen fit to do so." Id. at *14.

According to Trustee, trustee time is wasted if no proofs of claims are filed and Debtors get a large sum of money returned to them. In this particular case, two claims were filed prior to the bar date by creditors holding valid claims. In addition, two creditors filed late claims which Trustee deemed to be duplicative of his own claims. Certainly for these particular creditors, there was nothing "wasteful" about the chapter 7 process. Further, trustee compensation is premised on the trustee actually accomplishing something by distributing money to worthy creditors, not simply collecting money.

Finally, Trustee argues that the court cannot and/or should not categorically deny all claims filed by trustees. The court is not categorically denying all trustee-filed claims. Each case in which claims are filed by trustees is examined separately, though the rationale for the disallowance of the claims may be the same. However, absent a valid reason other than increasing trustee compensation and proof by the trustee that the creditor listed is the proper creditor and the amount owed is correct, the court will not allow trustees to engage in the wholesale filing of claims directly from debtors' schedules.

In this case, Trustee's fee increased significantly due to the claims he filed. Of the proposed distribution amount and including interest, $23,059.39 is based upon Trustee-filed claims.[2] This number represents 76% of the total amount upon which Trustee compensation is based in this case. Had Trustee not filed the claims, he would receive $2,305.94 less in fees for this case, which is 61% less than he would receive if the claims he filed are allowed.

In sum, Trustee has not provided the court with sufficient supporting documentation or valid reasons for the filing any of the claims. The court will allow trustee-filed claims if the trustee provides the court with: (1) a valid reason for the filing of claims, such as to protect debtors from tax liability; (2) proof that the creditor name and address is correct for each claim; and (3) proof that the amount listed in each claim is the correct amount. Because this information has not been provided for any of the Trustee-filed claims in this case, Claim Numbers 3, 4, 5, 6, 7, 8, 9, and 10 are not valid.

A separate order is issued herewith.

---

[2] This number does not include Claims 6 and 8 filed by Trustee, as the creditors each subsequently filed late claims.

AUG 3 1 2007            /s/ Russ Kendig
                   **Judge Russ Kendig**
                   **U.S. Bankruptcy Judge**

5

## Service List

John & Sharon McLaughlin
1385 Winners Circle South
Mansfield, OH 44906

Anthony DeGirolamo
Courtyard Centre, Suite 625
116 Cleveland Ave., N.W.
Canton, OH 44702

Edward Corley
3 N. Main Street
#714
Mansfield, OH 44902

United States Trustee
Howard Metzenbaum Courthouse
201 Superior Ave.
Cleveland, OH 44114

6